USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-27-2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

DAVID GRAND,

                Plaintiff,

  -against-

LISA SCHWARZ,
                Defendant.
------------------------------------------------------X

15-CV-8779 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    In this action, Plaintiff David Grand, the trademark holder for the psychological treatment called "Brainspotting," brought various claims against Defendant Lisa Schwarz, including claims for trademark infringement. Although the case was closed in October 2016 pursuant to a so-ordered settlement agreement, the parties have now filed cross-motions for contempt for purported violations of that agreement. In connection with those motions, Grand has also moved to exclude Schwarz's expert's opinions from the contempt proceedings. These motions were referred to Magistrate Judge Cott, who has issued a Report and Recommendation (the "R&R") recommending that Grand's motion for contempt be denied, Schwarz's motion for contempt be granted in part and denied in part, and Grand's motion to strike be granted. Both parties have objected to the R&R and are now seeking a *de novo* review of their motions.

    For the reasons stated below, and after conducting a *de novo* review of the law and facts, Grand's motion for contempt is DENIED, Schwarz's motion for contempt is GRANTED in part, and Grand's motion to strike is DENIED. The Court (1) adopts the portions of the R&R recommending that Grand's motion for contempt be denied, because Schwarz substantially complied with the Settlement Order; (2) (a) adopts the portions of the R&R recommending that

Grand be held liable for contempt for statements he made in various emails, because Grand repeatedly and flagrantly violated the Settlement Order by making those statements, (b) does not adopt the portions of the R&R recommending that Grand *not* be found liable for the statements his trainers made in various emails, because there is a material dispute of fact over whether those trainers were acting as Grand's agents, and (c) does not adopt the portions of the R&R related to damages, because the parties have not had the opportunity to complete expert discovery or present live testimony on that issue; and (3) does not adopt the portion of the R&R recommending that Grand's motion to exclude be granted, because that motion is not ripe.

I. **BACKGROUND**

    A. **Factual Background**

        1. <u>The Settlement Order</u>

On October 3, 2016, the Court entered a "So Ordered Settlement Agreement and Mutual Release" (the "Settlement Order"). (ECF No. 63.) Section 2 of the Settlement Order prohibits Schwarz from using Grand's trademark in "Brainspotting" in any manner, including on her website. (*Id.*, at 1–3). Section 8 of the Settlement Order prohibits each party from badmouthing or disparaging the other party. (*Id.*, at 4) Section 9 of the Settlement Order prohibits each party from using the Settlement Order to claim that he or she prevailed in this litigation. (*Id.*, at 5.) Section 21 of the Settlement Order states that "any dispute arising out of or relating to this Agreement as an Order of Settlement shall be brought in th[is] Court." (*Id.*, at 6.)

        2. <u>Grand's Purportedly Contemptuous Behavior</u>

In the days and weeks after the Court so-ordered the Settlement Order, Grand sent many emails to his "trainers," individuals who have taught Brainspotting to thousands of people. (*See* Schwarz Decl., ¶¶ 33–35; Schwarz Decl., Ex. B, Ex. C, at 1–6.) These trainers frequently

socialize with psychotherapists, including psychotherapists who may be interested in Schwarz's psychological treatment modality, Comprehensive Resource Model ("CRM"). (*Id.*, ¶¶ 34–35.) Schwarz contends that Grand violated Sections 8 and 9 of the Settlement Order by disparaging her in emails to these trainers:

- On October 9, 2016, Grand stated in two emails to three trainers, that Schwarz "had her ass handed to her" and that "[t]he witch is broke," (Schwarz Decl.,[1] Ex. B, at 20);

- On October 10, 2016, Grand stated in an email to over twenty trainers that the lawsuit "has been concluded successfully," that "the court imposed a permanent injunction against her for future infringements," and that Grand is "anticipating that Lisa [Schwarz], as [has] been her past practice, will circulate misrepresentations," (*id.*, at 21, 30); and

- On October 10, 2016, Grand stated incorrectly in an email to one trainer, that "Lisa demanded that the agreement be confidential and sealed and the Federal Judge said that's only for celebrities and Lisa you are not a celebrity. So the judge threw it out and Lisa had a tantrum," (*id.*, at 29).

On October 31, 2016, after becoming aware of some of these emails, Schwarz's counsel sent a letter demanding that Grand "cease and desist" from making further disparaging remarks. (*Id.*, Ex. C, at 2.) Grand, however, continued to send out emails that Schwarz contends violated the Settlement Order:

- On November 13, 2016, Grand stated in an email to one trainer, "[p]lease be mindful that Lisa has many acolytes in in [sic] LA area and that as soon as Lisa finds out she may think about an intrusion," (*id.*, Ex. B, at 50);

- Also on November 13, 2016, Grand stated in an email to one trainer, "Lisa's strategy is to send spies who are more anonymous," (*id.*, at 58);

- On November 17, 2016, Grand stated in an email to one trainer, "Lisa has violated my trust repeatedly and acted in the worst way to hurt me and undermine my reputation," (*id.*, at 64);

- On November 27, 2016, Grand stated in an email to one trainer, with other trainers bcc'd, that Schwarz has "repeatedly disparaged and bad-mouthed" him,

---

[1] "Schwarz Decl." refers to the Declaration of Lisa Schwarz, dated June 9, 2017, ECF No. 98.

3

(*id.*, at 75);

- On January 6, 2017, Grand stated in an email to one trainer, "Lisa has programmed Frank [Schwarz's business associate] into becoming her training monkey," (*id.*, at 130); and

- On January 7, 2017, Grand stated in an email to one trainer, "She [Schwarz] will never be anything other than she is. A bully, a two bit chiseler and a small time operator. Frank is a pathetic has-been. If Damir took a lookse [sic] at crm [Schwarz's psychological method] he would laugh at the fraudulence," (*id.*, at 163).

    3.    <u>Schwarz's Purportedly Contemptuous Behavior</u>

In November 2016, Grand became aware of a page on Schwarz's website that mentions Brainspotting. (*See* Schwarz Decl., Ex. B, at 71.) That page consisted of a testimonial by a client of Schwarz, Barbara Field (the "Field Testimonial"). Although it is largely a positive review of CRM, the Field Testimonial also contains some negative language about Brainspotting. (*See id.*, at 72.) In particular, Ms. Field states that after taking a Brainspotting session, she was still "left with the original developmental trauma that lay beneath"; and she notes that her clients, as well, often described feeling "an innate sense of loneliness, disconnection, and unworthiness" after Brainspotting sessions. (*Id.*) Field says that CRM, by contrast, left her with an "acceptance of [herself] as both flawed and amazing in the eyes of God." (*Id.*) Grand contends that Schwarz not only permitted the Field Testimonial to remain on her website after the Settlement Order was so-ordered, but also used the Field Testimonial to advertise a book she published after that date. In particular, although the Field Testimonial is dated "March 16, 2016," Grand points out that the same webpage that contained the Field Testimonial also contained a link to a book by Schwarz that was published in October 2016. (*See id.*)

Schwarz has submitted a declaration made under penalty of perjury providing the history and context of how the Field Testimonial was published on her website. (Schwarz Opp'n

4

Decl.,[2] ¶¶ 2–11.) In particular, in March 2014—before the Settlement Order was signed or so-ordered—Ms. Field emailed a group of therapists to convey her positive experience with CRM. (*Id.*, ¶ 2.) That same day, Schwarz emailed her web designer to request that the Field Testimonial be placed "somewhere good" on Schwarz's website. (*Id.*, ¶ 3; *id.*, Ex. A, at 005.) In July 2016, Schwarz and Grand signed the Settlement Order, which was so-ordered on October 3, 2016. (Schwarz Opp'n Decl., ¶ 5.) On October 4, 2016, Schwarz's book was published. (*Id.*, ¶ 6.) Following the publication of her book, Schwarz's office manager contacted Schwarz's webmaster and requested that the webmaster add a link on her website to the book, but Schwarz's office manager did not suggest any particular place for the link. (*Id.*, ¶ 7; *id.*, Ex. A, at 008–09.) On February 23, 2017, Schwarz's attorney informed her that Grand was claiming that the Field Testimonial was on her website and violated the Settlement Order. (Schwarz Opp'n Decl., ¶ 8.) Before that time, Schwarz had forgotten that the Field Testimonial was posted on her website and that it mentioned Brainspotting. (*Id.*, ¶ 9.) That same day, February 23, 2017, Schwarz's office manager directed Schwarz's webmaster to remove the post and to confirm there were no other mentions of "Brainspotting" on her website. (*Id.*, ¶ 11.) That night, the webmaster confirmed that the post was removed. (*See id.*, Ex. A, 105-1, at 011–13.) Grand has not rebutted these statements or emails.

B. **Procedural History**

On November 6, 2015, Grand filed his Complaint, alleging, *inter alia*, that Schwarz had infringed on his Trademark in "Brainspotting." (ECF No. 1.) On October 3, 2016, the Court so-ordered the Settlement Order. (ECF No. 64.) On January 25, 2017, Schwarz filed a letter seeking to re-open the case and to institute contempt proceedings. (ECF No. 67.) On April 6,

---

[2] "Schwarz Opp'n Decl." refers to the Declaration of Lisa Schwarz, dated June 23, 2017, ECF No. 105.

2017, the Court referred the contempt proceedings to Magistrate Judge Cott to handle general pretrial issues. (ECF No. 86.) On April 21, 2017, Judge Cott held a conference in which he, *inter alia*, set May 19, 2018, as the deadline for "any additional discovery of any kind." (ECF No. 98-6, at 13.) On June 9, 2018, after the discovery period had ended, the parties filed cross-motions for contempt. (ECF Nos. 97, 104.) On October 18, 2017, the contempt motions were referred to Judge Cott. (ECF No. 116.) On October 30, 2017, Grand filed a letter motion to strike the affidavit of Schwarz's expert witness, Beth Rubin. (ECF No. 118.) On February 2, 2018, Judge Cott issued the R&R, which addressed the contempt motions and Grand's letter motion to strike. (ECF No. 125.) On February 16, 2018, and March 2, 2018, respectively, the parties filed Objections to the R&R and Responses to those Objections.[3] (ECF No. 127, 129–131.)

## II. LEGAL STANDARDS

### A. Appeals from Magistrate Judges

A district court judge may refer motions for civil contempt to a magistrate judge to make factual findings. *See* 28 U.S.C. § 636(b)(1)(B). The magistrate judge shall "certify the facts" to the district judge, who "shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person." 28 U.S.C. § 636(e)(6)(B). The district judge must "make an independent determination of the facts certified." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, No. 03-CV-5562 (JGK) (AJP), 2006 WL 1148110, at *1 (S.D.N.Y. Apr. 28, 2006) (Koeltl, J.). This independent determination requires a *de novo* review of both the facts and of the law. *Cardell Fin. Corp. v.*

---

[3] In connection with these motions, Schwarz also filed a motion to seal that was largely denied by Judge Cott on February 2, 2018. (ECF Nos. 94, 126.) Schwarz has objected to Judge Cott's order. (ECF No. 128.) Schwarz's objection will be decided in separate opinion and order, which will be issued shortly.

6

*Suchodolksi Assocs.*, 896 F. Supp. 2d 320, 324 (S.D.N.Y. 2012) (Marrero, J.).

B. **Contempt**

"To establish contempt for failure to obey a court order, the movant must show that (1) the order the [alleged] contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the [alleged] contemnor has not diligently attempted to comply in a reasonable manner." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 111 (2d Cir. 2015) (internal quotation marks omitted; additions in original) (quoting *Perez v. Danbury Hosp.*, 347 F.3d 419, 423–24 (2d Cir. 2003)); *Latino Officers Ass'n New York, Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009) (applying same three-factor test to contempt proceeding arising out of violation of settlement order).

Although an evidentiary hearing is often necessary to resolve motions for contempt, "[n]o hearing is required . . . where there are no material facts in dispute." *New York State Nat'l Org. For Women v. Terry*, 697 F. Supp. 1324, 1330 n.6 (S.D.N.Y. 1988) (Ward, J.) (citing, *inter alia*, *United States v. City of Yonkers*, 856 F.2d 444, 453 (2d Cir. 1988)); *accord Parker Pen Co. v. Greenglass*, 206 F. Supp. 796, 797 (S.D.N.Y. 1962) (Dawson, J.) (holding that no hearing was necessary where moving papers established contempt and respondent's papers did not dispute the relevant facts).

III. **DISCUSSION**

A. **Grand's Motion for Contempt**

Grand claims that Schwarz violated the Settlement Order by allowing the Field Testimonial to remain on her website. (*See, e.g.*, Pl.'s Objs., ECF No. 129, at 1–2.) Grand is not claiming that Schwarz violated the Settlement Order in any other manner. (*See id.*) In the R&R, Judge Cott recommended against finding Schwarz liable for contempt, because Schwarz has diligently attempted to comply with the Settlement Order. (R&R, at 24–27.) After

conducting a *de novo* review of the law and facts, the Court agrees with Judge Cott's R&R.

Most importantly, as Judge Cott noted, Schwarz was very diligent about correcting her mistake and removing the Field Testimonial from her website, which she did within 12 hours of Grand notifying her of its existence. (*See* Schwarz Decl., ¶¶ 2–11.) The reference to Brainspotting in the Field Testimonial was also minor—the Court notes that Grand knew about the Field Testimonial as early as November 22, 2016, but did not request that Schwarz remove it from her website until February 23, 2017. (*See* Schwarz Decl., Ex. B, at 71–73; Schwarz Opp'n Decl., ¶ 8.) Furthermore, there is no evidence that Schwarz otherwise referenced Brainspotting on her website, on her marketing material, on social media, or anywhere else. She also properly "expunged" references to Brainspotting from her book manuscript. (Schwarz Opp'n Decl., ¶ 14.) For all of these reasons, even if Schwarz could have been more careful, she still substantially complied with the Settlement Order. *See, e.g., Kirke v. Howe*, No. 98-CV-1449 (DAB), 2000 WL 1239107, at *2 (S.D.N.Y. Sept. 1, 2000) (Batts, J.) (denying plaintiffs' motion for contempt where, even though defendants' compliance was not "perfect," plaintiffs failed to show that defendant had "disregarded, intentionally or otherwise, the procedures established by the Court in its Order").

Grand claims that the Field Testimonial was on Schwarz's "homepage" and was likely seen by 30,000 individuals. (Pl.'s Objs., at 4.) There is no clear evidence, however, that the Field Testimonial was on Schwarz's homepage—http://comprehensiveresourcemodel.com—for any significant period of time, or at all. Instead, the record reflects that on November 22, 2017, Grand found this testimonial at a place on Schwarz's website *other* than Schwarz's homepage, namely http://comprehensiveresourcemodel.com/gods-providence-preparing-come. (*See* Schwarz Decl., Ex. B, at 71–73.) Although it is unfortunate that the Field Testimonial remained on Schwarz's website after the Settlement Order was signed and so-ordered, this one slip-up, on

8

its own, does not change the fact that Schwarz has otherwise "diligently attempted to comply" with the Settlement Order.

Grand also claims that, if the R&R is adopted, then "getting caught as an infringer and only thereupon changing would forever be the defense in every infringement action and in every contempt proceeding." (Pl.'s Objs., at 4.) In addition to being hyperbole, this statement betrays a serious misunderstanding of both the law and the circumstances of this case. Schwarz is avoiding contempt not merely because she remedied her mistake after "getting caught." A finding of contempt is instead inappropriate here because Schwarz's mistake was minor and because she has otherwise diligently and promptly complied with the order.

Grand also argues that, if Schwarz were being diligent, she would have not only removed the Field Testimonial from her website, but also issued a "retraction." (Pl.'s Objs., at 5.) Grand does not specify what "retraction" would have been mandated. The only action Schwarz needed to take was a *redaction*. The Court therefore gives Schwarz permission to return the Field Testimonial to her website, replacing the word "Brainspotting" with "[redacted for legal reasons]." To avoid any confusion, if Schwarz chooses to add the Field Testimonial to her website in this manner, she shall include the following text on the bottom of the page: "This page contains redactions in compliance with an Order of the United States District Court for the Southern District of New York, in the matter of *Grand v. Schwarz*, 15-CV-8779. A copy of this Order is available at the following link: <provide link>."[4]

### B. Schwarz's Motion for Contempt

In his R&R, Judge Cott recommended holding Grand liable for contempt because (i)

---

[4] Schwarz has requested permission to "circulate copies of the Court's final Orders and any documents referred to therein, and that such circulation is not, and will not be, a violation of the nondisparagement and other provisions of the Settlement Order." (Def.'s Objs., ECF No. 127, at 18.) The Court GRANTS this request.

Sections 8 and 9 of the Settlement Order are clear and unambiguous; (ii) there is clear and convincing proof that Grand did not comply with those sections, by sending emails that disparaged Schwarz and suggested that Grand was the prevailing party in this litigation; and (iii) Grand's conduct shows that he has not diligently attempted to comply with the Settlement Order. (R&R, at 8–18.) Judge Cott further recommended, however, that Grand *not* be held liable for actions taken by his trainers, and recommended awarding Schwarz attorneys' fees, but not compensatory or other damages. (*Id.*, at 16–17, 27–38.) As discussed below, after conducting a *de novo* review of the law and facts, the Court (a) adopts the portions of the R&R recommending that Grand be held liable for contempt for disparaging Schwarz in various emails, because Grand repeatedly and flagrantly violated the Settlement Order by doing so, (b) does not adopt the portions of the R&R recommending finding Grand *not* liable for the disparaging remarks of Grand's trainers, because there is a dispute of material fact over whether Grand directed the actions of those trainers, and (c) does not adopt the portions of the R&R related to damages, because the parties have not had the opportunity to complete expert discovery or present testimony on that issue.

    1. <u>Liability with Respect to Grand's Emails</u>

      a) <u>Sections 8 and 9 of the Settlement Order are Clear and Unambiguous</u>

Section 8 of the Settlement Order prohibits Grand from "badmouth[ing]" or "disparag[ing]" Schwarz, orally or in writing. (ECF No. 63, at 4.) There is nothing ambiguous about that language. There is also nothing ambiguous about Section 9 of the Settlement Order, which prohibits the parties from "us[ing] or constru[ing the settlement] as an assertion of prevailing []or an admission of liability for any purpose." (*See id.*, at 5.)

Grand claims that these sections permit "confidential" or "intra-party" disparagement,

allowing grand to disparage Schwarz in communications with his trainers. (*See* Pl.'s Objs., 10–13.) The Court agrees with Judge Cott, however, that there is nothing in the Settlement Order that allows one party to "confidentially" disparage the other. To the contrary, Section 8 of the Settlement Order explicitly prohibits disparagement "in any manner or to anyone." (ECF No. 63, at 4.)

       b)  <u>Clear and Convincing Proof of Grand's Noncompliance</u>

After reviewing the facts and law *de novo*, the Court agrees with Judge Cott that there is clear and convincing evidence that Grand violated the Settlement Order. The facts cited in the Background section above speak for themselves with respect to showing Grand's noncompliance. For example, Grand violated Section 8 by stating to his trainers: "[t]he witch is broke," (Schwarz Decl., Ex. B, at 20); "as [has] been her past practice, [Schwarz] will circulate misrepresentations," (*id.*, at 21, 30); and "Lisa had a tantrum" over the Court's removal of the confidentiality clause from the Settlement Order, (*id.*, at 29). Grand violated Section 9 by stating to his trainers: Schwarz "had her ass handed to her," (*id.*, at 20); the litigation "had been concluded successfully" (*id.* at 21, 30); and "the court imposed a permanent injunction" (*id.*). Grand does not dispute drafting and sending these emails. They are clear and convincing evidence that Grand violated Sections 8 and 9 of the Settlement Order.

Grand contends that, because Schwarz violated the Settlement Order first, he was "released" from having to perform under the Settlement Order. (Pl.'s Objs., at 10.) As Judge Cott noted, however, although settlement orders are "construed largely as contracts," they are "enforced as orders." *Berger v. Heckler*, 771 F.2d 1556, 1567–68 (2d Cir. 1985). Schwarz's minor noncompliance did not give Grand carte blanche to brazenly violate this Court's order.

### c) Grand Has Not Diligently Attempted to Comply with the Settlement Order

The Court agrees with Judge Cott that Grand has not diligently attempted to comply with the Settlement Order. Even after Schwarz's October 31, 2016 letter put Grand on notice that his disparaging remarks violated the Settlement Order, Grand had the audacity to continue disparaging Schwarz. He called Schwarz a "bully, a two bit chiseler and a small time operator," (Schwarz Decl., Ex. B, at 163); said that if someone "took a lookse [sic] at crm he would laugh at the fraudulence," (*id.*); claimed that *Schwarz* had "repeatedly disparaged and bad-mouthed" *him*, (*id.*, at 75); pronounced that "Lisa's strategy is to send spies," (*id.*, at 58); and told someone that Schwarz "programmed [her business associate] into becoming her training monkey," (*id.*, at 130). Grand violated the Settlement Order by making these statements. The fact that Grand made these remarks *after* receiving a cease and desist letter shows he did not diligently attempt to comply with the Settlement Order.

Grand's Objections state that there "was no way that Grand could ever know, in advance, that his" disparaging remarks "would be taken from him in violation of the confidentiality agreement, and thereupon made public."[5] (Pl.'s Objs., at 4.) But as of October 31, 2016, Grand *did* know that his "confidential" communications were being shared with others. (*See* Schwarz Decl., Ex. C (letter from Schwarz's attorney demanding that Grand "cease and desist" from disparaging Schwarz).) Yet Grand continued to disparage Schwarz, calling her, *inter alia*, a "bully, a two bit chiseler and a small time operator." (*Id.*, Ex. B, at 163.)

Many of the other arguments and statements Grand makes in his legal papers are

---

[5] Grand's Objections also state that "[n]othing would have educated Grand as to the perceived wrongness of his conduct, including his PhD." (Pl.'s Objs., at 5.) Unfortunately for Grand, ignorance of prevailing social norms does not excuse his violation of this Court's clear and unambiguous orders. Grand's arguments to the contrary are frivolous. The Court has considered Grand's other arguments, as well, but will not spend unnecessary resources responding to each one.

perplexing and, in some cases, might themselves be violations of the Settlement Order. For example, Grand's memorandum of law suggests, without factual basis, that Schwarz may have harmed Barbara Field: "God knows what defendant practiced on this poor woman...." (ECF No. 115, at 11 (trailing ellipsis in original).) And Grand's Objections accuse Schwarz of being a liar: "[I]n Schwarz's motion to dismiss for lack of jurisdiction, Schwarz swore that she had no business activities in New York, a fact that was easily proven false upon her own website, which demonstrated conclusively the contrary." (Pl.'s Objs., at 8–9.) In fact, Schwarz *did* disclose that she had "business activities in New York" and even identified in her declaration multiple occasions when she conducted training sessions there. (*See* ECF No. 16, ¶¶ 21, 23.) Grand and his attorney's accusations, then, appear to be baseless. Accordingly, on or before March 30, 2018, Grand's attorney, Mitchell Stein, shall submit a sworn affidavit to the Court, explaining whether the above accusations made about Schwarz are baseless and whether any sanctions would be appropriate for his of violation Rule 11 of the Federal Rules of Civil Procedure.

\* \* \*

Accordingly, the Court partially GRANTS Schwarz's motion for contempt, and holds that Grand is liable for contempt because he violated the Settlement Order by disparaging Schwarz and by claiming that he is the prevailing party in this action.

  2. <u>Liability with Respect to the Actions of Grand's Trainers</u>

In her motion, Schwarz argues that Grand's trainers are his "agents" and thus Grand should be liable for any disparaging statements they made about Schwarz. (Def.'s Objs., at 12–14.) In emails, Grand's trainers did state that Schwarz had "bullied" others, (Schwarz Decl., Ex. H, at 1); that Schwarz was "[m]aking faces behind your back" and "[s]preading lies," (*id.*, at 3); and that Schwarz was "abusive," (*id.*, at 14). In the R&R, Judge Cott recommended against holding Grand liable for these and other actions of his trainers. (R&R, at 16–17.) Schwarz

13

objects to this recommendation.

Schwarz argues that Grand is responsible for the disparaging actions of his trainers because they received actual notice of the Settlement Order, are "licensees" of Grand, and are in "privity" with Grand. (Def.'s Objs., at 13.) As authority, Schwarz cites Rule 65(d)(2)(B) of the Federal Rules of Civil Procedure, which states that an injunction binds "the parties' officers, agents, servants, employees, and attorneys." Rule 65(d), however, binds these individuals only "to the extent they are acting on behalf of the organization," or in this case, on behalf of Grand. *See People of State of N.Y. by Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996). Insofar as the trainers were acting in their individual capacities, and not on behalf of Grand, their disparaging remarks did not violate the Settlement Order. Thus, the fact that the trainers are Schwarz's "licensees" or in "privity" with Grand is not enough, in itself, to find Grand liable for their statements.

After reviewing the record however, the Court holds that there is a dispute of material fact as to whether Grand's trainers were operating as Grand's agents when they disparaged Schwarz. Grand admits that the trainers collected their opinions about Schwarz *at his request*. (Pl.'s Aff. Opp'n Def.'s Mot. Sanctions, ECF No. 108, ¶ 37.[6]) Although Grand claims that he "simply asked [his trainers] to recount their honest opinions and experiences of Schwarz," there is evidence that he encouraged his trainers to be negative. (*Id.*) For example, one of Grand's trainers sent an email to another trainer stating that Schwarz is "extremely unethical" and that "a judge found her guilty of trademark infringement." (Schwarz Decl., Ex. B, at 94.) Grand

---

[6] Although this document is labeled as an "affidavit," it is in fact an unsworn declaration under 28 U.S.C. § 1746. As Schwarz points out, this document does not comply with SDNY ECF Rule 8.4, which requires documents that bear the signatures of parties or witnesses to be "filed in a scanned format that contains an image of the actual signature." Grand's "affidavit" includes only a typed signature. Grand and his attorneys are ADMONISHED for not complying with the ECF rules. They are directed to re-file this statement with an actual signature, on or before March 30, 2018.

responded, "Excellent email." (*Id.*) Another of Grand's trainers thanked Grand for "letting [him] share some of [his] negative experiences," suggesting that Grand may have solicited negative feedback, in particular. (*Id.*, Ex. H, at 1.) There is therefore a material dispute of fact over whether Grand directed his trainers to disparage Schwarz.

Accordingly, with respect to the statements of Grand's trainers that Schwarz contends violated the Settlement Order, the Court DENIES Schwarz's motion for contempt, but does so without prejudice. The Court will permit Schwarz to present testimony and other evidence concerning these statements at an evidentiary hearing on May 24, 2018 (as discussed further below). After this evidentiary hearing, on or before June 8, 2018, Schwarz may file a renewed motion for contempt liability and damages (as also discussed further below).

3. Damages

In the R&R, Judge Cott recommended awarding damages for the attorneys' fees Schwarz incurred to litigate her motion for contempt, but recommended against awarding other damages, including other kinds of compensatory damages. (R&R, at 28–38.) Judge Cott's primary basis for this latter recommendation is that the evidence Schwarz submitted was "purely speculative." (*Id.*, at 33.)

The Court will not rule on damages at this time. The facts related to damages are clearly disputed: Grand claims that his remarks were ineffective because they were sent to people who already disliked Schwarz; Schwarz claims she was harmed by Grand's statements because his trainers repeated them to psychotherapists who would have otherwise given Schwarz their business. This dispute of fact should be settled at a hearing, not on the papers. A hearing will also provide Schwarz the opportunity to elaborate on—and potentially provide a foundation for—the statements she makes in her declaration. Where a record is unclear, courts should provide the parties the opportunity to elaborate on damages. *See, e.g., U2 Home Entm't, Inc. v.*

15

*Hong Wei Int'l Trading, Inc.*, No. 02-CV-5828 (JFK), 2005 WL 3766976, at *8 (S.D.N.Y. May 3, 2005) (Keenan, J.).

Another reason it would be inappropriate to rule on damages at this time is that the parties have not had a full opportunity to engage in expert discovery. For this reason, as outlined below, the Court will re-open expert discovery. Once the discovery period is over, Schwarz may proceed with an evidentiary hearing and, afterwards, renew her motion for contempt.

Accordingly, with respect to damages, the Court DENIES Schwarz's motion for contempt without prejudice. The Court directs the parties to follow the schedule set forth below for any renewed motion for contempt:

- On or before April 20, 2018, the parties shall exchange disclosures for any expert witnesses they intend to call at an evidentiary hearing;

- On or before May 11, 2018, the parties shall complete depositions, if any, of those expert witnesses;

- On May 24, 2018, at 10 a.m., the Court will hold an evidentiary hearing, during which the parties shall present evidence on (i) Schwarz's claim that the disparaging statements of Grand's trainers violated the Settlement Order, and (ii) Schwarz's damages (compensatory or otherwise);

- On or before June 8, 2018, Schwarz shall submit a renewed motion for contempt liability and damages, including a memorandum of law;

- On or before June 22, 2018, Grand shall submit an opposition to Schwarz's motion; and

- On or before June 29, 2018, Schwarz shall submit reply papers in further support of her motion.

In the parties' briefs, the parties shall cite as facts only (i) the testimony and items received in evidence at the May 21 evidentiary hearing, and (ii) any facts that the parties stipulate are true.

### C.  Grand's Motion to Strike

Grand has moved to strike the expert declaration of Beth Rubin, a document Schwarz

submitted with her motion for contempt. (ECFs Nos. 99, 118.) Judge Cott recommended excluding Ms. Rubin's declaration because it was not properly disclosed during the relevant discovery period, which ended on May 19, 2018. (*See* ECF No. 98-6, at 13.) Although Judge Cott is correct that "any additional discovery of any kind" was to be finished on or before May 19, 2018, exclusion of Ms. Rubin's declaration is not the appropriate remedy here, where Grand will face little prejudice from discovery being re-opened. *See, e.g., Mahoney v. Keyspan Corp.*, No. CV-2004-0554 (BAF) (MDG), 2007 WL 1651853, at *1–2 (E.D.N.Y. June 6, 2007) (denying motion to exclude expert testimony and noting that "the Second Circuit has viewed the imposition of sanctions as discretionary and district courts have generally not ordered preclusion"). For this reason, and because the Court is giving the parties time to formally disclose any experts and to engage in expert discovery (as discussed above), the Court does not adopt this portion of Judge Cott's recommendation. Accordingly, Grand's motion to exclude the expert declaration of Beth Rubin is DENIED without prejudice. Grand may renew his motion after expert discovery closes.

## IV. CONCLUSION

In conclusion, Grand's motion for contempt is DENIED, Schwarz's motion for contempt is GRANTED in part, and Grand's motion to strike is DENIED. As discussed in detail above, and after conducting a *de novo* review of the law and facts, the Court (1) adopts the portions of the R&R recommending that Grand's motion for contempt be denied, because Schwarz substantially complied with the Settlement Order; (2) (a) adopts the portions of the R&R recommending that Grand be held liable for contempt for statements he made in various emails, because Grand repeatedly and flagrantly violated the Settlement Order by making those statements, (b) does not adopt the portions of the R&R recommending that Grand *not* be found liable for the statements his trainers made in various emails, because there is a material dispute of

fact over whether those trainers were acting as Grand's agents, and (c) does not adopt the portions of the R&R related to damages, because the parties have not had the opportunity to complete expert discovery or present live testimony on that issue; and (3) does not adopt the portion of the R&R recommending that Grand's motion to exclude be granted, because that motion is not ripe.[7]

The following deadlines are set for this case:

- On or before March 30, 2018, Mr. Stein shall submit a sworn affidavit to the Court, explaining whether the accusations he made about Schwarz are baseless and whether any sanctions would be appropriate for his of violation Rule 11 of the Federal Rules of Civil Procedure;

- On or before April 20, 2018, the parties shall exchange disclosures for any expert witnesses they intend to call at an evidentiary hearing;

- On or before May 11, 2018, the parties shall complete depositions, if any, of expert witnesses;

- On May 21, 2018 at 10 a.m., the Court will hold an evidentiary hearing, during which the parties may present evidence relevant to Grand's liability and damages for contempt;

- On or before June 8, 2018, Schwarz shall submit a renewed motion for contempt liability and damages, including a memorandum of law;

- On or before June 22, 2018, Grand shall submit an opposition to Schwarz's motion;

- On or before June 29, 2018, Schwarz shall submit reply papers in further support of her motion.

---

[7] On pages seven to nine of "Defendant's Reply to Plaintiff's Objections to February 2, 2018, Report and Recommendation," ECF No. 130, Schwarz asks the Court to enter an order "declaring that any additional litigation commenced by Grand against Schwarz on the basis of Schwarz's alleged violations of Grand's alleged trademark rights is barred by res judicata." The Court will not rule without the benefit of a formal motion or briefing on this issue. Accordingly, Schwarz's request is DENIED without prejudice. If Schwarz wishes to raise this issue again, she shall do so by notice of motion.

The Court directs counsel for the parties to meet and confer no later than April 9, 2018, regarding settlement of the parties' disputes.

The Clerk of Court is directed to terminate the motions at ECF Nos. 97, 104, and 118.

SO ORDERED.

Dated: New York, New York
March 27, 2018

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge