UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

DAVID GRAND,

     Plaintiff,

 -against-

LISA SCHWARZ,
     Defendant.
------------------------------------------------------X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-28-2018
```

15-CV-8779 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

In this action, Plaintiff David Grand, the trademark holder for the psychological treatment "Brainspotting," brought various claims, including trademark infringement, against Defendant Lisa Schwarz. Although the action was closed in October 2016, with a so-ordered settlement agreement and stipulation of dismissal, the parties have since filed cross-motions for contempt. With her motion for contempt, Schwarz submitted various exhibits, some of which she moved to file under seal. Schwarz's motion to seal was referred to Magistrate Judge Cott, who issued an order largely denying Schwarz's motion (the "Sealing Order"). Schwarz is now appealing the Sealing Order.[1]

For the reasons stated below, the Sealing Order is AFFIRMED because Judge Cott's order was not clearly erroneous or contrary to law and because Schwarz has not met her burden of showing why her private interest in sealing certain documents outweighs the public interest in those judicial documents being publicly available.

---

[1] Although Schwarz calls her submission a "limited objection" (ECF No. 128, at 1), it is technically an appeal. Under 28 U.S.C. § 636(b)(1)(A), non-dispositive pretrial matters—including motions to seal—can be referred to and decided by magistrate judges. Schwarz's motion to seal was referred to Judge Cott, who then issued the Sealing Order. (ECF Nos. 116, 126). Because Judge Cott issued an order, not a recommendation, Schwarz's "limited objection" is properly construed as an "appeal." *See, e.g., Morris v. Jetblue Airways Corp.*, No. 15-CV-1664 (ENV) (RLM), 2015 WL 8042227, at *1 n.2 (E.D.N.Y. Dec. 3, 2015).

I.  BACKGROUND

On November 6, 2015, Plaintiff David Grand filed his Complaint, alleging, *inter alia*, that Defendant Lisa Schwarz infringed on his trademark in Brainspotting. (ECF No. 1.) On October 3, 2016, the Court so-ordered an Order of Settlement and the parties filed a Stipulation of Dismissal with Prejudice. (ECF Nos. 63–64.) On January 25, 2017, Schwarz filed a letter seeking to re-open the case and to institute contempt proceedings. (ECF No. 67.) On June 5, 2017, Schwarz filed a letter motion to seal all documents filed in connection with her motions for contempt (the "Sealing Motion"). (ECF No. 94.) On June 6, 2017, Grand reserved the right to object to this motion. (ECF No. 95.) On June 7, 2017, the Court instructed Schwarz to submit to Chambers unredacted versions of Schwarz's filings, so that the Court could decide whether any documents should be sealed. (ECF No. 96.) On June 9, 2017, Schwarz filed a redacted version of her motion for contempt papers. (ECF Nos. 97–100.) On October 18, 2017, the Sealing Motion was referred to Magistrate Judge Cott. (ECF No. 116.) On February 2, 2018, Judge Cott issued a Report and Recommendation ("R&R") recommending, *inter alia*, that Grand's motion for contempt be denied and that Schwarz's motion for contempt be granted in part. (ECF No. 125.) That same day, Judge Cott issued an order denying the Sealing Motion, except for certain redactions to Exhibit J of Schwarz's June 9, 2017 Declaration (the "Sealing Order"). (ECF No. 126.) On February 16, Schwarz filed her appeal to this Court of the Sealing Order (the "Appeal"). (ECF No. 128.) On March 27, 2018, the Court partially adopted Judge Cott's R&R. (ECF No. 132.)

II.  DISCUSSION

In the Appeal, Schwarz requests that the Court reverse the Sealing Order with respect to Exhibits B, G, and H to her June 9, 2017 Declaration, all of which she believes should be placed under seal. (Appeal, at 1–2.) For the reasons discussed below, this Court AFFIRMS the

Sealing Order.

### A. Legal Standard

#### 1. Appeals from Magistrate Judges

Under 28 U.S.C. § 636(b)(1)(A), a district court judge may designate a magistrate judge to hear and issue an order on any non-dispositive motion pending before the court. As a general matter, magistrate judges have "broad discretion" in resolving these matters, including motions to seal. *Morris v. Jetblue Airways Corp.*, No. 15-CV-1664 (ENV) (RLM), 2015 WL 8042227, at *2 (E.D.N.Y. Dec. 3, 2015); *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (Marrero, J.) (quoting *AMBAC Fin. Servs., L.L.C. v. Bay Area Toll Auth.*, No. 09-CV-7062, 2010 WL 4892678, at *2 (S.D.N.Y. Nov. 30, 2010)). On appeal, the district court judge should not reject the magistrate judge's findings "merely because the court would have decided the matter differently." *Graves v. Deutsche Bank Sec. Inc.*, No. 07-CV-5471(BSJ), 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010) (Jones, J.) (citing *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). Instead, the district court may reconsider the magistrate's ruling only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The party seeking to reverse the magistrate judge's order has a "heavy burden." *Com-Tech Assocs. v. Comput. Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990) (quoting *Citicorp v. Interbank Card Ass'n*, 87 F.R.D. 43, 46 (S.D.N.Y. 1980) (Cannella, J.)), *aff'd*, 938 F.2d 1574 (2d Cir. 1991).

#### 2. Sealing of Judicial Documents

The public has a common law right to access "judicial documents," which are any documents filed with the court "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Documents filed in

support of a motion for contempt are "judicial documents." *Roberts v. Lederman*, No. 04-CV-00033 (NGG), 2004 WL 2238564, at *6 (E.D.N.Y. Oct. 4, 2004); *cf. Lugosch*, 435 F.3d at 121 (holding that papers filed in support of summary judgment motion are judicial documents). Although there is a presumption in favor of the public's free access to judicial documents, even judicial documents may be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation and internal quotation marks omitted).

When deciding whether to seal a document, the court should first determine whether the document is a "judicial document." *Lugosch*, 435 F.3d at 119. If the document is a "judicial document," the court must then determine the strength of the presumption of public access with respect to that particular document. *Id.* In making this determination, the court must keep in mind that "documents used by parties [in connection with substantive pre-trial motions] . . . should not remain under seal *absent the most compelling reasons*," and that, in those cases, the "presumption [of public access to such motion papers] is of the highest [order]." *United States v. Martoma*, No. S1 12-CR-973 (PGG), 2014 WL 164181, at *4 (S.D.N.Y. Jan. 9, 2014) (Gardephe, J.) (quoting *Lugosch*, 435 F.3d at 120, 123) (brackets and italics in original; internal quotation marks omitted). Finally, the court must balance the "parties' interests in preventing disclosure" against "those of the public in gaining it." *Lederman*, 2004 WL 2238564, at *7. In making this determination, courts may consider several factors, including "whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations therein." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995)).

The party seeking to overcome the presumption of public access has the "burden of demonstrating that a document submitted to a court should be sealed." *DiRussa v. Dean Witter*

*Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

**B.    Application**

Schwarz has moved to seal Exhibits B, G, and H to her Declaration, dated June 9, 2017 (the "Exhibits"). (Appeal, at 2.) Schwarz submitted the Exhibits in support of her Motion for an Order of Contempt. (*See* ECF No. 98.) The Exhibits consist of emails among Grand and various other individuals, many of which mention Schwarz and denigrate her. (*See, e.g.*, Ex. B, at 12 (email from Grand to trainers stating that Schwarz "had her ass handed to her").) In her motion for contempt, Schwarz relies on the Exhibits as evidence that Grand violated the Settlement Agreement by disparaging her. (*See, e.g.*, Defs.' Mem., ECF No. 100, at 4.) Because the Exhibits are central to Schwarz's motion for contempt and were relied on by Judge Cott in his R&R addressing that motion, Schwarz concedes that they are "judicial documents." (Appeal, at 4.) And because Schwarz's motion for contempt is seeking substantive relief, the Exhibits may be placed under seal only if "the most compelling reasons" exist for doing so. *See Martoma*, 2014 WL 164181, at *4. Judge Cott held that no such compelling reasons existed. (Sealing Order, at 5.) For Judge Cott's order to be overturned, Schwarz must show that the Sealing Order was "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A). She cannot do so.

Schwarz argues that her privacy interest in keeping the Exhibits under seal outweighs the public's interest in accessing these judicial documents. (Appeal, at 4–5.) She claims, in particular, that if these documents are made public, they could be forwarded to others, potentially leading to further disparagement. (*Id.*, at 5–6.) Schwarz's concern, however, is purely speculative. It is also mitigated by the fact that she will have ample opportunity to rebut the remarks made in these emails and to hold Grand accountable for making them. *See Nycomed US, Inc. v. Glenmark Generics, Inc.*, No. 08-CV-5023 (CBA), 2010 WL 889799, at *9 (E.D.N.Y.

5

Mar. 8, 2010) (denying sealing in part because requester "will have ample opportunity to respond to those accusations").

Most importantly, although many of the remarks contained in the Exhibits are mean-spirited and embarrassing, they do not disclose the kinds of private information that are normally required to place a "judicial document" document under seal. *See, e.g., Rogers v. Henry*, No. 16-CV-05271 (KAM) (VMS), 2017 WL 5495805, at *6 (E.D.N.Y. Sept. 12, 2017) ("Although the court does not condone plaintiff's *ad hominem* attacks on defendant's character, and is sympathetic to defendant's position, his 'annoyance and embarrassment' are not sufficiently strong countervailing factors to outweigh the 'strong presumption' in favor of public access to the documents central to the court's role in adjudicating this case."); *Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. Ltd. (Thailand)*, No. 09-CV-995 (BSJ), 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) (Jones, J.) ("Delta's primary concern appears to be that the documents contain information damaging to its reputation, a concern that, without more, does not warrant judicial protection."). The fact that the Exhibits were submitted as part of a substantive motion—and thus can be sealed for only the "most compelling reasons"—weighs further against sealing. For these reasons, Schwarz has not met her burden of showing that the Exhibits should be placed under seal and has not shown that the Sealing Order was clearly erroneous or contrary to law.

Accordingly, the Sealing Order is AFFIRMED.

## III. CONCLUSION

In conclusion, for the reasons stated above, Judge Cott's February 2, 2018 Order is AFFIRMED because this order was not clearly erroneous or contrary to law and because Schwarz has not met her burden of showing why her private interest in sealing certain documents outweighs the public interest in those judicial documents being publicly available.

On or before April 4, 2018, Schwarz shall file unredacted versions of (i) her Memorandum of Law in Support of Defendant's Motion for Sanctions for Violation of Settlement Order, (ii) her June 9, 2017 Declaration, and (iii) Exhibits B, G, and H attached to her June 9, 2017 Declaration.

SO ORDERED.

Dated: New York, New York
March 28, 2018

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge