```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

DAVID GRAND,

                Plaintiff,

-against-

LISA SCHWARZ,
                Defendant.
-------------------------------------------------------X

15-CV-8779 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

In this action, Plaintiff David Grand, the trademark holder for a psychological treatment known as "Brainspotting," brought various claims against Defendant Lisa Schwarz. After the case was closed pursuant to a court-ordered settlement agreement, the parties filed cross-motions for contempt. (ECF Nos. 97, 104.) Those motions were referred to Magistrate Judge Cott, who issued a Report and Recommendation (the "R&R") recommending, *inter alia*, that Schwarz's motion for contempt be granted, but that Schwarz not be awarded any damages apart from attorneys' fees. (ECF No. 125.) The Court largely adopted the R&R, but gave Schwarz a further opportunity to provide the Court with evidence of her damages. (ECF No. 132, at 15–16.) Following an evidentiary hearing, Schwarz filed a renewed motion for contempt liability and damages. (ECF Nos. 155.) The Court denied Schwarz's motion for damages, but instructed the parties to file separately any motions for attorneys' fees. (ECF No. 161.) The parties have filed cross-motions for attorneys' fees, which are presently before the Court. (ECF Nos. 162, 164.)

For the reasons below, the Court GRANTS in part and DENIES in part Schwarz's motion for attorneys' fees. The Court DENIES in full Grand's motion for attorneys' fees.

1

## I. BACKGROUND

The Court assumes the parties' familiarity with the factual and legal bases of this case, which are fully described in the Court's March 27, 2018, Opinion and Order. (ECF No. 132.) Briefly, Grand is the creator of a psychological modality known as "Brainspotting." Schwarz previously worked as a "trainer" for Grand, meaning that she trained therapists and others in Brainspotting techniques. (*See* Decl. John M. Griem, Jr., Exs. A–B ("Tr."), at 4:12–17, 182:2–20, ECF No. 156.) While working for Grand, Schwarz developed her own psychological modality, called "Comprehensive Resource Model" ("CRM"). (Tr. 4:3–19.) Like Grand, Schwarz now has her own trainers and earns revenue from registration fees collected at CRM trainings taught by her and her trainers. (Tr. 12:20– 13:25.)

On November 6, 2015, Grand filed his complaint, alleging, *inter alia*, that Schwarz had infringed his trademark in "Brainspotting." (ECF No. 1.) The parties subsequently settled their claims, and on October 3, 2016, the Court so-ordered the parties' settlement agreement (the "Settlement Order") and closed the case. (ECF No. 64.)

The Settlement Order prohibits each party from disparaging the other party and from claiming that he or she prevailed in the initial litigation. (ECF No. 63 §§ 8–9.) Yet in the days and weeks after the Settlement Order was entered, Grand sent emails disparaging Schwarz to many of his Brainspotting trainers. (ECF No. 132, at 2–4.)

On January 25, 2017, Schwarz moved to re-open the case to institute contempt proceedings. (ECF No. 67.) On April 6, 2017, the Court referred the contempt proceedings to Magistrate Judge Cott to handle general pretrial issues. (ECF No. 86.) On June 9, 2018, after the discovery period had ended, the parties filed cross-motions for contempt. (ECF Nos. 97, 104.) On October 18, 2017, the contempt motions were referred to Judge Cott. (ECF No. 116.)

2

On February 2, 2018, Judge Cott issued the R&R, recommending that Grand's motion be denied and that Schwarz's motion be granted, but that Schwarz not be awarded any damages apart from attorneys' fees. (ECF No. 125.) On March 27, 2018, the Court entered an Opinion and Order largely adopting the R&R, but providing Schwarz with an opportunity to offer further evidence of her damages. (ECF No. 132, at 15–16.) Following evidentiary hearings on May 21, 2018, and July 19, 2018, Schwarz filed a renewed motion for contempt liability and damages. (ECF No. 155.)

In an August 23, 2018, Opinion and Order, the Court denied Schwarz's motion for damages, but instructed the parties to file separately any motions for attorneys' fees. (ECF No. 161.)

On September 14, 2018, Schwarz and Grand filed cross-motions for attorneys' fees. (ECF Nos. 162, 164.) Both parties filed their oppositions on September 21, 2018 and their replies on September 28, 2018. (ECF Nos. 169, 171, 173, 174.)

## II. LEGAL STANDARD

"In federal practice[,] the general rule—known as the 'American Rule'—is that each party bears its own attorneys' fees." *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1312 (2d Cir. 1993). "However, parties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." *Id.* at 1313.[1] "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008). "Although awards of attorneys' fees

---

[1] "Settlement agreements are contracts . . . ." *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999).

3

typically fall within the Court's discretion, 'where a contract authorizes an award of attorneys' fees, such award becomes the rule rather than the exception.'" *Matsumura v. Benihana Nat. Corp.*, No. 06 Civ. 7609 (NRB), 2014 WL 1553638, at *3 (S.D.N.Y. Apr. 17, 2014) (Buchwald, J.) (quoting *McGuire*, 1 F.3d at 1313).

## III. DISCUSSION

Schwarz argues she is the prevailing party and thus is entitled to an award of attorneys' fees under the terms of the Settlement Order. (ECF No. 168.) In response, Grand argues, principally, that Schwarz should not be awarded attorneys' fees and costs because Schwarz (1) failed to prove damages and (2) failed to deduct the fees and costs associated with her failed attempt to prove damages.[2]

### A. The Settlement Order

Section 22 of the Settlement Order unambiguously provides for an award of all reasonable costs, including attorneys' fees, to the prevailing party:

> **Legal Fees and Costs; Legal Action.** In the event of any legal action by one party against the other party arising under, or in any way relating to, this Agreement as an Order of Settlement, whether or not such action involves litigation, the prevailing party shall recover all reasonable costs, together with all internal and out-of-pocket expenses of any kind relating to such action, including attorney fees, from the non-prevailing party. In determining which party is the prevailing party, if any, the finder of fact shall take into consideration the demands and/or defenses made by each party and the success of those demands and/or defenses, rather than application of a final verdict or net judgment rule.

---

[2] Grand also argues that (1) the requested fee award is not supported by objective evidence of reasonableness; (2) the costs Schwarz incurred are not costs under the terms of the Settlement Order; (3) a "walk-away" is justified based on a comparison of the parties' costs; and (4) the Court should apply an "80 / 20 rule" and award Grand $96,500 in fees and costs. (ECF No. 171.) As has been his practice throughout this litigation, Mitchell Stein, counsel for Grand, advances these arguments even though they lack any basis in fact, in law, or under the terms of the Settlement Order. The Court declines to expend judicial resources responding at length to the above arguments, which are either clearly contradicted by the record or invented out of whole cloth.

(ECF No. 63 § 22.) Here, the language providing for an award of attorneys' fees is sufficiently clear, and therefore the contract is enforceable under New York law. *See NetJets Aviation*, 537 F.3d at 175.

Although the Settlement Order clearly permits recovery of fees and costs, the phrase "all reasonable costs, together with all internal and out-of-pocket expenses of any kind relating to such action, including attorney fees" is susceptible to two interpretations. Under the first reading, "reasonable" modifies "costs," "expenses," and "attorney's fees." Accordingly, the prevailing party would be entitled to recover all costs, internal and out-of-pocket expenses relating to the action, and attorneys' fees—to the extent they are reasonable. Under the second reading, "reasonable" modifies only "costs." Accordingly, the prevailing party would be entitled to recover costs, but only if reasonable. In addition, the prevailing party would be entitled to recover "*all* internal and out-of-pocket expenses, including attorney's fees," regardless of their reasonableness.

Because both parties assume in their briefing that the first reading is the correct interpretation, the Court adopts the first reading of the contractual language. Moreover, the Court notes that under the second reading, the phrase "all internal and out-of-pocket expenses of any kind" would entirely subsume "all reasonable costs," rendering the latter phrase mere surplusage. Therefore, the Court concludes that the prevailing party is entitled to an award of attorneys' fees and costs but only to the extent those fees and costs are reasonable.

### B. Prevailing Party

Because the Settlement Order provides for an award of attorneys' fees to the "prevailing party," the threshold determination is which party, if any, is the prevailing party. "Much of the case law regarding the determination of a 'prevailing party' arises in the context of interpretation

5

of statutes containing fee-shifting provisions or interpretation of Federal Rule of Civil Procedure 54, which entitles the prevailing party to recover costs, but not attorneys' fees." *Matsumura*, 2014 WL 1553638, at *3. This case law is inapposite where, as here, the claim for attorneys' fees arises from contract. *See id.* at *4 (concluding that "precedent analyzing federal housing and civil rights statutes . . . is of little value" where "any entitlement to attorneys' fees . . . arises exclusively from the language of the contract."). The Court must instead apply New York law to interpret the language of the contract.

Although Section 22 of the Settlement Order does not define "prevailing party," it states that the finder of fact "shall take into consideration the demands and/or defenses made by each party and the success of those demands and/or defenses, rather than application of a final verdict or net judgment rule." This contractual language accords with New York law, which instructs courts, in determining which party is the prevailing party, to consider "the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope." *Excelsior 57th Corp. v. Winters*, 641 N.Y.S. 675, 675 (App. Div., 1st Dep't 1996); *accord Sykes v. RFD Third Ave. I Assocs., LLC*, 833 N.Y.S.2d, 76, 77 (App. Div., 1st Dep't 2007). "To be considered a 'prevailing party,' one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof." *Sykes*, 833 N.Y.S.2d at 77–78 (citing *Bd. of Managers of 55 Walker St. Condo. v. Walker St.*, LLC, 774 N.Y.S.2d 701, 701 (App. Div., 1st Dep't 2004)). "[T]he court need not adopt each claim raised in a lawsuit" to award attorneys' fees. *Walker St.*, 774 N.Y.S.2d at 701.

Bearing these considerations in mind, the Court holds that Schwarz is the prevailing party in this action. The origin of the present litigation is Grand's repeated and flagrant violation of Sections 8 and 9 of the Settlement Order, which prohibit each party from disparaging the other

6

party and from claiming that he or she prevailed in the original litigation. Even after Grand received a cease and desist letter from Schwarz, he continued to make statements that *clearly* violated the Settlement Order, prompting Schwarz to reopen the case to pursue contempt liability. The central claim of these contempt proceedings is that Grand violated the Settlement Order by disparaging Schwarz and claiming he succeeded in the original litigation. Not only did Schwarz succeed on this claim, but Grand never raised any serious argument to the contrary and, worse still, forced Schwarz to respond to several frivolous defenses. Moreover, by showing Grand was liable for contempt, Schwarz received the primary relief she sought at the outset of this legal action: that Grand abide by the terms of the Settlement Order. Schwarz also successfully defended against Grand's motion for contempt, which the Court denied. Although Schwarz did not prove damages, the Court nevertheless finds Schwarz to be the prevailing party.

For these same reasons, Grand is not the prevailing party in this litigation, and therefore Grand's motion for attorneys' fees and costs is denied.

C.  **Reasonable attorneys' fees**

Having determined that Schwarz is the prevailing party under the Settlement Order, the next question is whether her requested fee award is reasonable. "As a general matter of New York law . . . when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended . . . so long as those amounts are not unreasonable." *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987). Nevertheless, the amount to be awarded as "is within the discretion of the court." *Gamache v. Steinhaus*, 776 N.Y.S.2d 301, 311 (N.Y. App. Div., 2d Dep't 2004). Indeed, "[w]hen determining a fee award based upon a contractual attorneys' fees agreement between the parties, as in this lawsuit, courts have 'broad

7

discretion' and need not follow a specific formula.'" *Clarendon Nat'l Ins. Co. v. Advance Underwriting Managers Agency, Inc.*, No. 06 Civ. 15361 (BSJ), 2011 WL 6153691, at *2 (S.D.N.Y. Dec. 8, 2011) (Jones, J.) (quoting *U.S. Fidelity & Guar. Co. v. Baspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004)). "As such, the Court need not pore over every hour and minute billed but only make adjustments for any unnecessary, unreasonable, or excessive fees." *Id.*

"In determining whether a requested fee award is reasonable, the starting point is the calculation of the 'presumptively reasonable fee.'" *Rai v. WB Imico Lexington Fee, LLC*, No. 09 Civ. 9586 (PGG), 2017 WL 1215004, at *9 (S.D.N.Y. Mar. 31, 2017) (Gardephe, J.) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). Courts calculate the presumptively reasonable fee by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The presumptively reasonable fee ultimately "boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. NYC Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill*, 522 F.3d at 112, 118.).

As an initial matter, the Court holds that awarding Schwarz attorneys' fees and costs for the entire litigation would result in an excessive award. Schwarz seeks $793,660.81 in total fees and costs, but *more than half* of that amount was expended in Schwarz's failed attempt to show damages. (ECF No. 172, at 3–4.) As of the Court's March 27, 2018, Opinion and Order, which held Grand liable for contempt, the total amount of Schwarz's attorneys' fees and costs was $328,910.34. Schwarz thus incurred $464,750.47 in the damages phase of this litigation. Although Schwarz is the prevailing party, her failure to prove damages renders her success in the

litigation more limited, which factors into the Court's determination of reasonable attorneys' fees and costs. *See Robinson v. City of New York*, No. 05 Civ. 9545 (GEL), 2009 WL 3109846, at *3 (S.D.N.Y. Sept. 29, 2009) (Lynch, J.) (stating that a "downward adjustment of the fee [may be] warranted based on factors such as the extent of the plaintiffs['] success in the litigation" (citing *Hensley*, 461 U.S. at 434.)). In light of these facts, the Court will consider only the attorneys' fees and costs Schwarz incurred on or before the Court's March 27, 2018, Opinion and Order. That is, the Court will award reasonable attorneys' fees and costs up to the point Grand was held liable for contempt.

### 1. Hourly rates

In calculating the presumptively reasonable fee, the first step is to determine the reasonable hourly rates. Schwarz proposes the following hourly rates for the work performed by her attorneys:

| Name | Position | Hourly Rate Sought |
| --- | --- | --- |
| John Griem | Partner | $688.75 to 712.50 |
| Brenda Speer | Partner | $280.00 to $285.00 |
| Theodore McDonough | Counsel | $403.75 to $427.50 |
| Anthony R. Prinzivalli | Law clerk (not admitted) | $280.25 |

(ECF No. 168, at 11–12.) "The determination of reasonable hourly rates is a factual issue committed to the court's discretion, and is typically defined as the market rate a 'reasonable, paying client would be willing to pay.'" *Rai*, 2017 WL 1215004, at *10 (quoting *Arbor Hill*, 522 F.3d at 184.). "A reasonable hourly rate must be in line with the rates 'prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" *Star Ins. Co. v. A&J Constr. of N.Y., Inc.*, No. 15 Civ. 8798 (CS), 2018 WL

6177857, at *4 (S.D.N.Y. Nov. 26, 2018) (Seibel, J.) (quoting *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994)). "The relevant community to which the court should look is the district in which the case was brought." *Rosado v. City of New York*, No. 11 Civ 4285 (SAS), 2012 WL 955510, at *4 (S.D.N.Y. Mar. 15, 2012) (Scheindlin, J.). "The 'court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district' and 'on evidence proffered by the parties.'" *Star Ins. Co.*, 2018 WL 6177857, at *4 (quoting *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 338 (S.D.N.Y. 2016) (Karas, J.)).

Considering the experience of the attorneys seeking fees and the work involved in this case, the Court finds that the requested rates for Griem, McDonough, and Prinzivalli are unreasonable. Concededly, the billing rates proposed here are within the range of rates that have been, at times, approved by courts in this district. *See, e.g.*, *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302 (CM), 2010 WL 363113, at *3 (S.D.N.Y. Feb. 1, 2010) (McMahon, J.) ("Counsel use hourly rates ranging from $90 to $250 for paralegals, from $175 to $550 for associates and other non-partner level attorneys and from $300 to $850 for partners. These rates, though relatively high, fall within the range of those commanded by leading lawyers in the Southern District, particularly those practicing at large firms or with high profiles."). However, given the nature of this dispute—which concerns simple, straightforward breach of contract claims—the rates charged by Griem, McDonough, and Prinzivalli are excessive.

The billing rates Schwarz requests are well above the requested (and approved) rates for other cases involving contract disputes in the Southern District. *See, e.g.*, *Star Ins. Co.*, 2018 WL 6177857, at *6 (approving rates between $175 and $265 per hour for partners and rates between $160 and $175 per hour for associates); *Rai*, 2017 WL1215004, at *10–11 (approving

10

rates between $427.50 and $562.50 per hour for three partners, all with between twenty-five years and forty years of experience, and rates between $292.50 and $360 per hour for three associates, all with between ten and fifteen years of experience); *Rhodes v. Davis*, No. 08 Civ. 9681 (GBD), 2015 WL 1413413, at *3 (S.D.N.Y. Mar. 23, 2015) (Daniels, J.) (approving a rate of $450 per hour for a founding partner with approximately forty years of experience and a rate of $300 per hour for an associate with approximately ten years of experience); *Clarendon*, 2011 WL 6153691, at *2 (approving hourly rates of $385 per hour for partners and $200 per hour for associates).

Accordingly, the Court reduces the requested rates for Griem, McDonough, and Prinzivalli as follows:

| Name | Position | Reduced Hourly Rates |
| --- | --- | --- |
| John Griem | Partner | $600.00 |
| Theodore McDonough | Counsel | $400.00 |
| Anthony R. Prinzivalli | Law clerk (not admitted) | $200.00 |

These reductions are reasonable, given the work involved in this case, the experience and credentials of the attorneys seeking fees, and the hourly rates approved in other contract dispute cases in this district.

Schwarz also seeks an award of fees for the services of the law firm Carter Ledyard based on the following hourly rates: (1) $204.25 and $213.75 per hour for Eddie Colon; (2) $237.50 and $247.00 per hour for Anthony Malaspina; (3) $237.50 and $247.00 per hour for Emily Moog; (4) $308.75 per hour for Dennis Murphy; (5) $280.25 per hour for Mara Leff; (6) $247.00 per hour for Jeanine McPartlin. (ECF No. 179.) But Schwarz did not provide any information concerning each of these individuals' positions at Carter Ledyard, their professional

backgrounds, expertise, or experience. It is thus not possible to determine whether these hourly rates are reasonable. Given this obvious deficiency in the application for attorneys' fees, the Court declines to award attorneys' fees for these individuals.

### 2. Hours Expended

The Court must next determine the reasonableness of the number of hours billed. Schwarz's attorneys worked the following hours in connection with this case:

| Name | Position | Hours Expended |
| --- | --- | --- |
| John Griem | Partner | 232.70 hours |
| Brenda Speer | Partner | 112.25 hours |
| Theodore McDonough | Counsel | 229.10 hours |
| Anthony R. Prinzivalli | Law clerk (not admitted) | 7.40 hours |

(ECF No. 179.) In assessing the reasonableness of the number of hours claimed, the court must examine "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "Adjustments must be made to the number of hours expended based on case-specific factors, including deductions for 'excessive, redundant, or otherwise unnecessary hours.'" *Creighton v. Dominican Coll.*, No. C09-3983Z, 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011) (Zilly, J.) (quoting *Quaratino v. Tiffany Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). "The district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally . . . ." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009). The central question is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

The Court is somewhat troubled that four attorneys—two partners, one counsel, and one law clerk—totaled nearly 600 hours representing Schwarz in this straightforward and relatively short-lived case. "[A]ssigning numerous attorneys to a simple and straightforward matter presents a serious risk of inefficiency, duplication, and unnecessary billing." *Rai*, 2017 WL 1215004, at *11 (citing *Simmonds v. N.Y. City Dep't of Corr.*, No. 06 Civ. 5298 (NRB), 2008 WL 4303474, at *6–7 (S.D.N.Y. Sept. 16, 2008) (Buchwald, J.)). However, the Court declines to reduce the number of hours for two reasons: (1) the invoices Schwarz submitted in support of her motion are particularly detailed and do not evidence any obvious redundancy or inefficiency; (2) Grand and his counsel repeatedly multiplied these proceedings, substantially increasing the amount of time required for Schwarz to litigate this case effectively. The Court therefore finds the number of hours Schwarz's attorneys expended on this case to be reasonable.

### 3. Presumptively reasonable fee

By multiplying the reasonable hourly rates by the number of hours reasonably expended, the presumptively reasonable fee is $264,270.00.

| Name | Position | Reasonable Hourly Rate | Hours Reasonably Expended | Reasonable Fees |
|---|---|---|---|---|
| John Griem | Partner | $600.00 | 232.70 | $139,620.00 |
| Brenda Speer | Partner | $280.00<br>$285.00 | 92.25<br>20.00 | $25,830.00<br>$5,700.00 |
| Theodore McDonough | Counsel | $400.00 | 229.10 | $91,640.00 |
| Anthony Prinzivalli | Law clerk | $200.00 | 7.40 | 1,480.00 |
| **Total** | | | | $264,270.00 |

As the Court has already adjusted the award based on the extent of Schwarz's success in the litigation—that is, the Court only considered the attorneys' fees incurred up to the point Grand was held liable for contempt—no further adjustments are warranted. Therefore, Schwarz is entitled to an award of $264,270.00 in attorneys' fees.

### C. Reasonable costs

Section 22 of the Settlement Order permits Schwarz to recover reasonable costs. The costs incurred by Carter Ledyard up to the March 27, 2018, Opinion and Order total $28,167.84 and are as follows:

| Cost | Amount |
| --- | --- |
| Ankura Consulting | $25,000.00 |
| Court reporting services | $275.76 |
| Court fees | $147.82 |
| Electronic legal research | $1,634.22 |
| Telephone | $152.02 |
| Reproduction | $705.75 |
| Document delivery | $70.77 |
| Food & beverage | $11.23 |
| Staff overtime | $146.27 |
| Miscellaneous | $24.00 |
| **Total** | $28,167.84[3] |

(ECF No. 178.) With respect to the costs incurred by Cater Ledyard, Schwarz is entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rai*, 2017 WL 1215004, at *14 (quoting *U.S. Football League v. Nat'l Football League*, 704 F. Supp. 474, 483 (S.D.N.Y. 1989) (Leisure, J.)); *see also Anderson v. City of New York*, 132 F. Supp. 2d 239, 245–47 (S.D.N.Y. 2001) (Stein, J.) (allowing recovery for service, filing, photocopying, witness fees, and computerized legal research). However, "nonrecoverable

---

[3] The Court notes the discrepancy between the total costs reported by Carter Ledyard in its January 23, 2019, letter to the Court ($28,167.84) and in the September 28, 2018, declaration of John Griem ($27,992.75). (ECF Nos. 172, 179.)

14

office overhead . . . must normally be absorbed within the attorney's hourly rate." *Kuzma v. I.R.S.*, 821 F.2d 930, 934 (2d Cir. 1987).

The Court holds that the costs for court reporting services, court fees, electronic legal research, telephone, reproduction, and document delivery are properly included in a cost award. However, no costs will be awarded for food and beverage, staff overtime, and "miscellaneous" for the following reasons: (1) food and beverage are not out-of-pocket expenses that are ordinarily charged to clients; (2) staff overtime falls within office overheard and thus should be absorbed within the attorneys' hourly rates; and (3) the category "miscellaneous" is too vague to warrant recovery. Costs for Ankura Consulting, which was retained to prove damages, also will not be awarded because, as explained above, Schwarz did not show she sustained any damages. Deducting the costs for Ankura Consulting, food and beverage, staff overtime, and "miscellaneous" yields an award of $2,986.34 for Carter Ledyard's costs. Schwarz also incurred $3,716.29 for travel, lodging, and meals in connection with this case, and she has provided invoices detailing these expenses, which are reasonable. (ECF No. 167.) Therefore, the Court concludes Schwarz is entitled to recover $6,702.63 in costs.

### IV. Conclusion

For the foregoing reasons, Grand is directed to pay Schwarz $264,270.00 in attorneys' fees and $6,702.63 in costs. The Clerk of the Court is directed to terminate the motions at ECF Nos. 162 and 164, enter judgment, and close the case.

SO ORDERED.

Dated: New York, New York
February 12, 2019

*[signature]*
KIMBA M. WOOD
United States District Judge